IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MICHAEL DINO EBERHART;  :
RICKY LAMAR HOGAN,      :
                        :
            Plaintiffs, :
                        :
VS.                     :  NO: 5:12-CV-171 (MTT)
                        :
Warden SHEILA OUBRE;    :
STATE OF GEORGIA,       :
                        :  **ORDER**
            Defendants. :

Plaintiffs **MICHAEL DINO EBERHART** and **RICKY LAMAR HOGAN,** both prisoners at Baldwin State Prison in Hardwick, Georgia, have filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiffs claim that they are filing "jointly together and on behalf of themselves." (Doc. 1 at 1)[1]. In the forty page complaint, both claim to be "in the custody of the named Defendants . . . pursuant to an ('illegally') imposed ('utterly void') . . . Dekalb County Superior Court judgment." (Doc. 1 at 5). Plaintiffs seek declaratory relief for being wrongly convicted pursuant to "facially defective" and "fundamentally flawed" indictments that failed to allege the "essential elements of the State's crimes charged." (Doc. 1 at 9, 15). Plaintiffs ask the Court to declare their indictments defective, declare that they are being "illegally, unlawfully, and unconstitutionally imprisoned," and to order their "immediate physical release and discharge." (Doc. 1 at 23).

---

[1] When referring to this case, the page numbers used in this Order are the CM/ECF page numbers. Plaintiffs placed numbers on the bottom of some pages of their complaint and failed to place numbers on others. Therefore, the Court does not use the numbers that Plaintiffs wrote in the complaint.

This is not the first time Eberhart and Hogan have sought to file this "joint" action. On April 6, 2012, Plaintiffs filed a similar action in the United States District Court for the Northern District of Georgia. *Eberhart, et al. v. State of Georgia*, No. 1:12-CV-1197 (ODE) (N. D. Ga.). In that case, Plaintiffs made the same basic allegations, but included more Defendants and sought to proceed *in forma pauperis*. The United States District Court for the Northern District of Georgia informed Plaintiffs that their 57-page complaint suffered from several fatal defects: (1) It violated Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim[s] showing that the pleader is entitled to relief"; (2) it falsely stated that Plaintiffs had not filed any previous lawsuits while incarcerated; and (3) it violated the Prison Litigation Reform Act's requirement that "'each prisoner must bring a separate suit in order to satisfy the Act's requirement that each prisoner pay the full filing fee'." *Eberhart, et al v. State of Georgia*, No. 1:12-CV-1197 (ODE) (N. D. Ga) (Doc. 4) (quoting *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). The Court dismissed the action without prejudice and sent "each Plaintiff a form civil rights complaint and a financial affidavit that Plaintiffs may use to file **separate** civil actions." *Id.* at Doc. 5 (emphasis added).

Instead of each filing a separate civil action, as they were clearly told to do, Eberhart and Hogan have once again filed a 42 U.S.C. § 1983 action "jointly together." (Doc. 1 at 1). However, instead of filing a motion to proceed *in forma pauperis*, Michael D. Eberhart submitted a money order in the amount of $350.00. Therefore, Eberhart has paid his filing fee. The Court has not received a filing fee from Hogan.

As he was told by the United States District Court for the Northern District, Hogan cannot avoid paying the required filing fee by filing jointly with Eberhart. *Hubbard*, 262

F.3d at 1198.   Having not received a filing fee from Hogan, the Court assumes that he wishes to proceed *in forma pauperis.*   This Court informed Hogan as recently as February 2, 2012 that he has three strikes pursuant to 28 U.S.C. § 1915(g) and he may not proceed *in forma pauperis* unless he is under "imminent danger of serious physical injury."   *Hogan v. State of Georgia*, No. 5:12-CV-31 (CAR) (M. D. Ga.) (Doc. 6); 28 U.S.C. § 1915(g).   He is not and, therefore, he may not.

Ricky Lamar Hogan is **DISMISSED WITHOUT PREJUDICE** from this action. Should he desire to re-file, he may do so as long as he pays the full $350.00 filing fee at the time of filing.

As explained above, the Court received a money order in the amount of $350.00 from Michael Dino Eberhart.   Therefore, the Court will review the merits of the complaint as they relate to Eberhart.

Pursuant to 28 U.S.C. ▪ 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint Awhich seeks redress from a governmental entity or officer or employee of a governmental entity.@   The statutory language clearly authorizes this screening even if the prisoner has paid the full filing fee.   ***Thompson v. Hicks***, 213 F. App'x 939, 942 (11th Cir. 2007); ***Carr v. Dvorin***, 171 F.3d 115, 116 (2d Cir 1999); ***Martin v. Scott***, 156 F.3d 578, 580 (5th Cir. 1998).   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) Afrivolous, malicious, or fails to state a claim upon which relief may be granted@ or (2) Aseeks monetary relief from a defendant who is immune from such relief.@

A claim is frivolous when it appears from the face of the complaint that the factual allegations are Aclearly baseless@ or that the legal theories are Aindisputably meritless.@

***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true) to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C.

§ 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in " 1915A Ishall@be dismissed on preliminary review).

As state above, Eberhart claims that that he was wrongfully convicted because the indictment charging him with murder was "facially defective" and "fundamentally flawed" because it failed to allege the essential elements of murder.   (Doc. 1 at 9, 15).   Eberhart wants the Court to declare the indictment was defective, declare that he is being unlawfully confined, and have him released from imprisonment immediately.

Release from prison is not a remedy that is available in a 42 U.S.C. § 1983 action. ***Preiser v. Rodriquez***, 411 U.S. 475 (1973).   "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."   ***Heck v. Humphrey***, 512 U.S. 477, 481 (1994). Therefore, "declaratory or injunctive relief claims which are in the nature of habeas corpus claims – i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release – are simply not cognizable under § 1983."   ***Abella v. Rubino***, 63 F.3d 1063, 1066 (11th Cir. 1995).

Eberhart maintains that the relief he seeks cannot be obtained "through the ordinary course of federal or state post conviction habeas corpus . . . as such course of action is . . . procedurally time barred."   (Doc. 1 at 23).   Eberhart cannot avoid a time bar simply by filing a 42 U.S.C. § 1983 action instead of a habeas. To determine otherwise would render the one-year limitations period contained in the Antiterrorism and Effective Death Penalty Act a nullity.   In short, "habeas corpus is the exclusive remedy" for Eberhart.   ***Heck***, 512 U. S. at 481.

-6-

In conclusion, this action is **DISMISSED WITHOUT PREJUDICE** as to Ricky Lamar Hogan and **DIMISSED WITH PREJUDICE** for failing "to state a claim upon which relief may be granted" as to Michael Dino Eberhart.   *See* 28 U.S.C. ▪ 1915A(b).

**SO ORDERED**, this 18th day of May, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lnb